1

2

3

4                         UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7     SARA ELAINE BROWALSKI,                    Case No. 14-cv-03181-JD

            Plaintiff,

8

9          v.                                   **ORDER TO SHOW CAUSE RE
                                                TRANSFER**
10    JEREMY MICHAEL SULLIVAN,
                                                Re: Dkt. No. 19
            Defendant.

11

12

13          Defendant Jeremy Michael Sullivan, who is proceeding pro se, has moved to dismiss this

14    case for lack of personal jurisdiction and being improperly before this Court.  Dkt. No. 19.  On

15    June 15, 2015, after spending considerable time considering the jurisdiction issue, the Court

16    ordered Sullivan to produce and file certain business records by July 15, 2015.  Dkt. No. 33.

17    Plaintiff Browalski was also ordered to produce and file certain documents, and provide a

18    supplemental declaration, by July 15, 2015.  *Id.*

19          Although the complaint and other documents submitted by the parties are not crystal clear

20    on the jurisdiction question, Browalski's complaint fails to show that a substantial part of the

21    events or omissions giving rise to her claims occurred in the Northern District of California.

22    Instead, her claims relate to events that took place almost entirely outside of California.  The

23    filming and production of the disputed works all occurred in either Louisiana or Nevada.  Dkt. No.

24    1 ¶ 2.  When the disputed films were created, Browalski and Sullivan were living in either

25    Louisiana or Nevada, but not in California.  *Id.*  The two executed a divorce decree in Nevada and

26    Browalski alleges that Sullivan coerced her into signing blank model releases in Nevada.  *Id.* ¶¶

27    22-23; Dkt. No. 35, Ex. A.  Browalski alleges that Sullivan is now breaching an oral agreement

28    allowing him to use the clips on a short-term basis -- an agreement also made in Nevada.  Dkt. No.

United States District Court
Northern District of California

1 ¶ 26.  Any contract between Browalski and Sullivan governing the films was negotiated and executed in Nevada, and all other affirmative conduct giving rise to this suit primarily took place there or in Louisiana.

Sullivan has submitted largely uncontroverted declaration statements about his lack of connection to California generally and this District specifically.  Among other facts, Sullivan states that he currently lives in Michigan and has never been a resident or citizen of California. Dkt. No. 19.  Sullivan provides the disputed film content to a third-party website that makes it available for purchase on a website accessible nationally.  *Id*.  Nothing in the record indicates that the website purposefully directs activities to this District or is in any way connected to it.  The Court has no information about where Sullivan is located when he uploads the disputed film clips.

In light of these facts, the Court is skeptical that personal jurisdiction exists over Sullivan. But rather than reach a final determination on jurisdiction, the Court believes it could be more efficient and productive for the parties to transfer this case to a federal district court in Michigan, where Sullivan lives.  To that end, the parties are ordered to show why this case should not be transferred by **September 28, 2015**.  Sullivan is also ordered to identify where he lives so that the Court can determine the proper district for transfer.

**IT IS SO ORDERED.**

Dated: September 21, 2015

_____

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2